**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:

Brittany Browder Turner,

Debtor(s).

C/A No. 26-00479-EG

Chapter 13

**ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

**THIS MATTER** comes before the Court on the Motion for Leave to Appeal in Forma Pauperis (the "Motion"), filed by Brittany Browder Turner ("Debtor"), pro se, on August 14, 2026.[1] The Motion seeks to waive the filing fee associated with an appeal filed by Debtor pursuant to 28 U.S.C. § 1915. The Motion bears the caption for the Bankruptcy Court and appears to be directed to this Court to decide.[2] Debtor filed a Notice of Appeal with this Court on August 14, 2026,[3] appealing the following orders of this Court:

1. The Order Dismissing Case entered June 18, 2026 (ECF No. 21);
2. The Order Denying Emergency Motion to Vacate Dismissal and Reinstate Case, entered July 28, 2026 (ECF No. 55); and
3. The Order Denying Emergency Supplemental Motion for Sanctions and for Enforcement of Judicial Abeyance Pending Reinstatement, entered July 30, 2026 (ECF No. 56).

Item 14 of the Judicial Conference Schedule of Fees, Bankruptcy Court Miscellaneous Fee Schedule (the "Bankruptcy Fee Schedule"), which is issued pursuant to 28 U.S.C. § 1930, provides $293.00 must be paid for filing a notice of appeal, in addition to the statutory fee of $5.00 that is

[1] ECF No. 63.
[2] "A motion to proceed *in forma pauperis* in an appeal from a bankruptcy court to a district court should be filed and decided first in the bankruptcy court." *See* 28 U.S.C. § 158(c)(2); *In re Ylitalo*, No. 23-60212, 2026 WL 861674, at *1 (Bankr. E.D. Tex. Mar. 27, 2026).
[3] ECF No. 61.

collected under § 1930(c) when a notice of appeal is filed. *See* 28 U.S.C. § 1930, Judicial Conference Schedule of Fees, Bankruptcy Court Miscellaneous Fee Schedule. Section 1930 of Title 28 authorizes bankruptcy courts, in their discretion, to waive filing fees under certain circumstances, but only in chapter 7 cases. 28 U.S.C. §§ 1930(f)(1) and (f)(2). Section 1930(f)(2) further indicates that § 1930(f) does not prevent courts from waiving other fees "in accordance with Judicial Conference Policy." However, as Judge Beyer recently noted in an opinion, despite the language of § 1930(f)(3), the Judicial Conference has not yet issued a policy for the waiver of fees for other debtors and creditors; therefore, "section 1930 only clearly authorizes waiver of filing fees for Chapter 7 debtors." *In re Cole*, No. 16-30960, 2025 WL 350314, at *1 (Bankr. W.D.N.C. Jan. 30, 2025). *See also Banerjee v. State Dep't of Assessments and Tax'n*, No. 23-01051, 2023 WL 5434636 (D. Md. Aug. 23, 2023) (noting that a chapter 13 debtor is not, as a rule, eligible to proceed in forma pauperis in connection with appeals from the bankruptcy court to the district court, in the absence of extraordinary circumstances) (citing *Bastani v. Wells Fargo Bank, N.A.,* 960 F.3d 976 (7th Cir. 2020)).

In the Motion, Debtor relies on 28 U.S.C. § 1915 and the equitable powers of this Court in seeking leave to proceed in forma pauperis. Section 1915(a)(1) of Title 28 provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." From the outset, the Court notes that it is unclear whether a bankruptcy court has the authority to waive fees under § 1915(a). *See In re Cole*, 2025 WL 350314, at *1 (observing that "Congress may not have intended to include bankruptcy courts as a 'court of the United States' authorized to waive filing fees" because

bankruptcy judges are not appointed pursuant to Article III and noting the split in authority concerning the issue).

In this case, it is unnecessary, however, to decide whether this Court has the authority to waive the filing fee for the appeal under § 1915(a) because Debtor has not established that she meets the financial requirements for a waiver of the filing fee. "In order to proceed in forma pauperis, a litigant must act in good faith, § 1915(a)(3), the allegation of poverty must be true, § 1915(e)(2)(A), and the action cannot be frivolous, malicious, or fail to state a claim, § 1915(e)(2)(B)." *Id.* at *2.[4] Debtor filed a voluntary petition for relief under chapter 13 on February 2, 2026, with the assistance of counsel. She was able to pay the filing fee for this case and an attorney fee to retain counsel. Her filings in this Court indicate that she has regular income. Specifically, Schedules I and J, filed on March 23, 2026, reflect that Debtor has monthly income of $3,515.00 and expenses of $986.00, leaving monthly net income of $2,529.00.[5] Debtor states in the Motion that she is currently experiencing extreme financial hardship and cannot pay the filing fee but does not specify any changes to her financial circumstances, stating only that "it is a matter of established court record." Moreover, she has not filed any other form (such as Form AO

---

[4] If a litigant seeks to proceed in the District Court for the District of South Carolina in forma pauperis under 28 U.S.C. § 1915(a)(1), it appears that the District Court requires the submission of an Application to Proceed Without Prepayment of Fees and Costs (Form AO 240). The form requires the litigant to provide information under penalty of perjury regarding all sources of income over the past twelve months, the amounts of money the litigant has in cash or in a checking or savings account, valuables, regular monthly expenses including housing, transportation, and utilities, support contributed for dependents, and debts or other financial obligations. The District Court has set forth its procedures for actions filed by a pro se litigant seeking to proceed in forma pauperis under § 1915(a)(1) in a miscellaneous order. *See In re Procedures in Civil Actions Filed by Non-Prisoner* Pro Se *Litigants,* Misc. No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), at https://www.scd.uscourts.gov/StandingOrders/Pro_Se/Procedures_In_Civil_Actions_Filed_By_Non_Prisoner_Pro_Se_Litigants.pdf. The miscellaneous order provides that "if a *pro se* litigant submits a civil action to the Court without the filing fee or a Form AO 240, the Clerk of Court will not file the civil action until either a filing fee has been paid or a request to proceed *in forma pauperis* has been filed." *Id.* at 3. Here, Debtor did not submit Form AO 240 with the Motion.

[5] The Court notes that there was no rental or mortgage payment reflected on Schedule J, but there is a note indicating that Debtor was seeking loan modification.

240) in support of her financial hardship. The Court's record reflects that while Debtor's bankruptcy case was pending, she made payments of $499.00 per month to the Chapter 13 Trustee. Lastly, a chapter 13 case requires an individual to have assets and disposable income. If Debtor is ultimately successful in her appeal and the Court's Order Dismissing Case is reversed or vacated, Debtor must have regular income to be able to proceed in her chapter 13 case. 11 U.S.C. § 109(e) ("Only an individual with regular income . . . may be a debtor under chapter 13 of this title."). Considering the totality of Debtor's circumstances, the amount of income Debtor has indicated she receives on Schedule I, and the amount of the filing fee, the Court finds Debtor has failed to demonstrate she lacks the present ability to pay the required appellate fees and authorizing Debtor's appeal to proceed in forma pauperis is not warranted at this time. *See Ylitalo*, 2026 WL 861674, at *3 ("Whether Debtor can pay the costs and expenses of her appeal depends on the totality of the circumstances.")

**IT IS, THEREFORE, ORDERED** that the Motion for Leave to Appeal In Forma Pauperis is denied, <u>unless the United States District Court for the District of South Carolina orders otherwise upon transmittal of the appeal to that court.</u>

**AND IT IS SO ORDERED**.

**FILED BY THE COURT**
**08/19/2026**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

Entered: 08/19/2026

Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina